UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00203-JPH-MJD |
| | ) | |
| THOMAS KIRSCHNER, | ) | |
| | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER DIRECTING FILING OF NOTICES CONCERNING EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendant filed a pro se letter requesting release to home confinement, which the Court construed as a Motion for Compassionate Release pursuant to the First Step Act of 2018. Dkt. 63. The Court appointed counsel to represent Defendant, dkt. 69, and counsel has appeared, dkt. 69.

Requests for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A)(i). That section prevents a court from modifying a sentence until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Court recently held that the exhaustion requirement is not jurisdictional and can be waived by the government. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). In brief, the exhaustion requirement is not jurisdictional under the rationale of *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015), because § 3582 is not a part of the jurisdictional portion of the criminal code and is not phrased in jurisdictional terms.

In his letter, Defendant states that his warden denied his request for compassionate release and that he is currently "waiting on the administrative remedy process to appeal that decision." Dkt. 63 at 2. Thus, the status of his efforts to exhaust his administrative remedies is unclear.

Accordingly, within 7 days of date of this Order, Defendant's counsel shall file a notice stating whether Defendant has exhausted his administrative remedies as required by § 3582(c)(1)(A). If he has not, Defendant's counsel shall state the status of any efforts to exhaust. If Defendant is not seeking relief under § 3582(c)(1)(A)—but rather another section of the First Step Act that does not require exhaustion—Defendant's counsel shall so state. Within 7 days after Defendant's counsel files this notice, the United States shall file a notice stating whether it will waive the exhaustion requirement in this case.

**SO ORDERED.**

Date: 5/11/2020

                                               James Patrick Hanlon
                                               United States District Judge
                                               Southern District of Indiana

Distribution:

All Electronically Registered Counsel